Oscar **KILGO**, et al., Plaintiffs,

v.

**BOWMAN TRANSPORTATION, INC., Defendant.**

Civ. A. No. C79–674A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 4, 1984.

See also, D.C., 570 F.Supp. 1509.

8. Plaintiff's deposition, p. 223.

9. Plaintiff's deposition, pp. 217–218.

Christopher Coates, Laughlin McDonald, Neil Bradley (American Civil Liberties Union), Atlanta, Ga., Isabel Katz Pinzler, Joan E. Bertin (ACLU), New York City, for plaintiffs.

James W. Wimberly, Jr., James P. Cobb, E. Ray Stanford, Jr., Atlanta, Ga., for defendant.

## ORDER

SHOOB, District Judge.

On May 20, 1983, this Court found that defendant's use of a one-year prior over-the-road ("OTR") experience requirement had an adverse impact upon women; that the requirement was not justified by any business necessity; and that there are less discriminatory alternatives which would satisfy defendant's legitimate business needs. The Court further found that defendant had carried out a pattern and practice of disparate treatment of women applicants for OTR positions through a variety of means.

In assessing the appropriate remedial measures, the Court must weigh a number of considerations. First, it is the Court's conclusion from the evidence that defendant's practices were flagrant and pernicious. It is also the Court's impression that defendant is stubborn in defense of its practices and will suffer modification of them with little goodwill. Therefore, while the Court will not impose the most severe requirements upon defendant, it will retain jurisdiction in order to keep a close watch on compliance by defendant to ensure that the terms imposed will be enforced and obeyed diligently.

In this remedial order the Court has not provided hiring goals or quotas, regulation of the use of independent contractors, or complete elimination of the use of a prior experience requirement, all of which were sought by plaintiffs. Preferential treatment on the grounds of sex, by means of a quota, is destructive of self respect and merely substitutes one form of discrimination for another. Rather, this order demands that defendant take aggressive and determined steps to seek out and recruit qualified women as OTR drivers. Reliance on the "old-boy" network is no longer acceptable. Those women who applied for positions and those who would have applied had they not been discouraged by the attitude of defendant are entitled to the adoption of a plan that will affirmatively seek out those women who did not have access to these employment opportunities, will actively recruit those overlooked, and will provide remedial action in the form of training and assistance where needed.

The Court decided not to interfere with defendant's use of independent contractors as OTR drivers despite plaintiffs' concerns that independent contractors will be used by the defendant to thwart the effectiveness of this order. The issues of hiring goals or limits upon the use of independent contractors will be reconsidered at a later time if defendant fails to make a special effort to ensure that women are given the opportunity to achieve OTR positions.

In addition, the Court does not bar all use of a prior experience requirement because it feels at this time that it is appropriate for defendant, with some freedom but also with due regard for its present obligations and its egregious history, to fashion criteria for employment that are appropriate for the job and genuinely gender-neutral. If it appears that defendant at any time is not engaged in a good-faith

effort to comply with this order, in view of defendant's past practices this Court will not hesitate to impose substantially more severe sanctions.

It is, therefore, ORDERED and AD-JUDGED as follows:

**1.**

Defendant is enjoined from the disparate treatment of women in the selection and retention of employees for OTR positions.

**2.**

Defendant is enjoined from enforcing any employment practice that has an adverse impact upon women and that has not been shown by professional validation studies to further a job-related, business necessity in the selection and retention of employees for OTR positions.

**3.**

Defendant is enjoined from enforcing any employment practice that has an adverse impact upon women in the selection and retention of employees for OTR positions, even where the employment practice in question has been shown by professional validation studies to further a job-related, business necessity, if defendant knows or should reasonably know that said business necessity can be achieved by a less discriminatory alternative selection device.

**4.**

Defendant is directed to remove all of its written notifications, including but not limited to signs at its terminals, and to desist from all oral communications that indicate that it is enforcing a prior truck driving experience requirement in its employment selection process for OTR drivers.

**5.**

Defendant is enjoined from using or enforcing any prior truck driving experience requirement, including a preference for prior truck driving experience, in its employment selection process for employee OTR drivers, except that defendant may continue to consider the past driving experience of its applicants for OTR positions as one of the several factors to be considered in its selection process on the condition: (i) that defendant does not disqualify or hire solely on the basis of the past driving experience, or lack thereof, of applicants; (ii) that defendant develop a written, objective set of criteria, to include the applicant's past driving record, driving ability, past employment references, graduation or lack thereof from a truck driving school, as well as past driving experience, to be used in its selection process; and (iii) that such criteria receive validation by a professional study and be submitted to this Court and prior approval obtained therefor before it is used by defendant.

**6.**

Defendant is enjoined from enforcing its anti-nepotism rule against female spouses of defendant's employees.

**7.**

Defendant is directed, within sixty (60) days of the entry of this order, to submit to this Court (with copy to counsel for plaintiffs)

(a) a plan that outlines the affirmative steps it will take companywide to publicize its new non-discriminatory selection procedures and to publicize the fact that it is actively seeking women applicants, including outreach to truck driving schools and vocational technical secondary schools and especially to those schools with substantial woman enrollment. This plan should include provisions for the recruitment of women for city driving positions which sometimes lead to OTR positions, and the plan must actively recruit and advertise for women applicants for OTR positions;

(b) a plan for new hiring procedures that includes a list of acceptable truck driving schools from which defendant will be willing to hire qualified women graduates as a part of an affirmative hiring program. This list is to include at least two truck driving schools in each state in which defendant had a terminal with the

authority to hire OTR drivers at the time this suit was filed. Graduation from truck driving schools other than those designated by defendant will not alone provide a basis for the rejection of any woman applicant, but defendant will be permitted to prefer in its selection process women graduates of those schools designated by defendant;

(c) a plan that sets forth the details of a co-driving trainee/trainer program to be used in the selection of women OTR drivers;

(d) a standardized information sheet to be given to all applicants for OTR positions including the job requirements, accurate job description, list of approved truck driving schools, and notification to the applicant of the fact that defendant is under an affirmative action order imposed by this Court, and a representation by defendant under oath that such a standardized information sheet will be given to all applicants companywide for OTR positions.

### 8.

Defendant is directed to re-design its application form to include a space that indicates the specific reason(s) for the rejection of an applicant.

### 9.

The Court will appoint a special master pursuant to Rule 53, Fed.R.Civ.P., to see that the terms of this order are promptly carried out. The Court directs the parties to appear for a conference on Friday, January 20, 1984, at 9:30 a.m., in order to make suggestions regarding the appointment and duties of the special master. Defendant will be required to make written reports on a quarterly basis to this special master (with copies to counsel for plaintiffs) that include on a companywide basis the number of men and women applicants for OTR positions, the grounds for rejection of each woman applicant, and the progress made in attracting women applicants for OTR positions. In addition, defendant shall submit to the special master copies of the plans required by the Court in paragraph 7, *supra*. Defendant will also be required to submit to this special master copies of all applications received from women for OTR positions along with a concise statement of actions taken concerning the application. Defendant will further be required to inform in writing each woman applicant, whether or not hired, of her right to file a complaint with the special master if she believes that she was treated unfairly in any way in employment or consideration for employment by defendant. The special master will have the right to investigate any complaint filed and to report to this Court concerning his findings with copies of the reports to all attorneys for both sides.

### 10.

Defendant shall include in its reports to the special master information concerning its use of independent contractors as OTR drivers. In particular, defendant must: (a) show the number of OTR contractors driving for the defendant and the number of OTR employee drivers, both by gender; (b) show the number of applicants for independent contracts for OTR driving, and the number accepted, both by gender; and (c) detail its efforts to solicit applications from women for independent OTR contracts. The special master will be authorized to investigate defendant's use of independent OTR contractors and its effect upon the remedies contained in this order. Upon the special master's recommendation, or upon motion by plaintiffs, the Court will hold a hearing to consider whether, in order to aid enforcement of the remedies, it should modify this order to address the use of independent contractors.

### 11.

Defendant will be required to pay all reasonable costs and fees of the special master of which it will be informed from time to time.

### 12.

Defendant is enjoined in its communications to OTR applicants from using threats

that prey upon racial prejudice and from referring to heavy loading or unloading of trucks, the lack of privacy in bathroom or shower facilities, or any other information that has as its purpose or effect the discouragement of women from applying for OTR driving positions.

13.

Defendant is directed within 30 days of the entry of this order to submit a plan and implementation date to this Court (with a copy to counsel for plaintiffs) that provides for the creation of private bathroom and shower facilities for women drivers at defendant's terminals.

14.

The issuance of backpay awards will be stayed if defendant appeals the ruling in this case. Thus the manner in which the backpay issue is to be addressed, including the type of notice and proof of claim form, need not be addressed until it is determined whether an appeal will be taken.

15.

With the exception of the backpay proceedings, none of the other relief will be stayed pending any appeal.

16.

Attorneys for plaintiffs shall within one hundred twenty (120) days of the date of this order file an appropriate motion for costs and attorneys' fees. Attorneys for plaintiffs may reapply from time to time as further fees and costs are incurred in any appeals and backpay hearings.

17.

This Court shall retain jurisdiction until all aspects of the remedial orders are completed.